UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tiffany Blackwell, | ) | Case No. 2:26-CV-00692-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | (Jury Trial Demanded) |
| Campbo d/b/a Bojangles, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Campbo Corporation, improperly identified above as Campbo d/b/a Bojangles, ("Defendant"), by and through the undersigned legal counsel, does hereby Answer the Plaintiff's Complaint (herein referred to as "Complaint") as follows:

1.      Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted, qualified or explained.

2.      Defendant denies each and every allegation contained in the Plaintiff's Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

3.      Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Defendant.

## FOR A SECOND AFFIRMATIVE DEFENSE
### (No Legal Basis for any Award of Punitive Damages)

4.      At no time were the Defendant's alleged actions, conduct or omissions motivated by evil motive or intent and/or reckless or callous indifference to the Plaintiff. As well, any award of punitive damages against the Defendant is violative of both the United States Constitution and the South Carolina Constitution. Accordingly, any award of punitive damages is not proper in this case.

**FOR A THIRD AFFIRMATIVE DEFENSE**
(Waiver, Estoppel, Laches and Unclean Hands)

5.      Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

**FOR A FOURTH AFFIRMATIVE DEFENSE**
(Mitigation of Damages)

6.      Plaintiff has failed to mitigate her damages, if any.

**FOR A FIFTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

7.      Plaintiff's claim(s) may be barred by the applicable statute of limitations.

**FOR A SIXTH AFFIRMATIVE DEFENSE**
(At-Will Employment)

8.      Plaintiff was employed by the Defendant as an at-will employee. Consequently, either party could terminate the Plaintiff's employment "at any time, for any reason or for no reason at all" without incurring liability. Prescott v. Farmers Tel. Coop., Inc., 335 S.C. 330, 334, 516 S.E.2d 923, 925 (1999); *see also* Culler v. Blue Ridge Elec. Coop., Inc., 309 S.C. 243, 245, 422 S.E.2d 91, 92 (1992) ("The doctrine in its pure form allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason.").

**FOR A SEVENTH AFFIRMATIVE DEFENSE**
(Business Judgement Rule)

9.      Plaintiff's claim(s) are barred by the business judgement rule, since the acts, conduct and/or omissions complained of were done in good faith and not unlawful.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**
(Failure to Exhaust Administrative Remedies)

10.     Plaintiff's claim(s) are barred, since she has failed to exhaust the administrative remedies available to her, including the filing of charge(s) of discrimination with applicable governmental agencies fully encompassing the instant complaints of the Plaintiff. Consequently, Plaintiff's complaints may now exceed the scope of the Plaintiff's original charge(s) of discrimination.

## FOR A NINTH AFFIRMATIVE DEFENSE
(Lack of Jurisdiction)

11.     This Court lacks personal and/or subject matter jurisdiction in this case.

## FOR A TENTH AFFIRMATIVE DEFENSE
(Proximate Cause)

12.     Any injuries alleged by the Plaintiff were not proximately caused by the Defendant.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE
(Legitimate, Non-Discriminatory Reason(s))

13.     The acts, conduct and/or omissions complained of were based on legitimate, non-discriminatory reason(s).

## FOR A TWELFTH AFFIRMATIVE DEFENSE
(Consistent Treatment)

14.     All employees of the Defendant were consistently treated the same, regardless of their disability and/or other reasons alleged by the Plaintiff.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE
(Lack of Intentional Discrimination)

15.     The Defendant never intentionally discriminated against the Plaintiff for any protected reason whatsoever.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE
(Statutory Cap on Damages)

16.     Plaintiff's damages, the existence of which is denied, shall not exceed the statutory caps provided in 42 U.S.C. § 1981a(b)(3) and/or other applicable federal/state statutory laws.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE
(Reasonable Accommodation)

17.     Defendant did not fail to offer and/or decline to provide the Plaintiff with any reasonable accommodation.

## FOR SIXTEENTH AFFIRMATIVE DEFENSE
(Job-Related and Consistent with Business Necessity)

18.     The challenged practices of the Defendant were job-related for the position in question and consistent with business necessity.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
(Not Disabled)

19.     Plaintiff was not "disabled" as that term is defined within the Americans with Disabilities Act.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
(Conduct Not Directed at a Particular Protected Status)

20.     The acts, conduct and/or omissions complained of were not directed at a particular protected status.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE
(Lack of Employer Knowledge)

21.     The Defendant did not know of the acts, conduct and/or omissions complained of, nor should it have known.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE
(Faragher/Ellerth Defense)

22.     Plaintiff's claims fail as a matter of law, since (1) the Defendant exercised reasonable care to prevent and promptly correct any alleged unlawful behavior; and (2) the Plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant employer or to avoid harm otherwise.

4

**FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**
(Exclusivity of Workers' Compensation Laws)

23.     Plaintiff's exclusive and preemptive remedy for any injury she claims arose out of and in the course and scope of her employment is under the South Carolina Workers' Compensation Act, and any such injuries as alleged in the Complaint, if substantiated, would be barred pursuant to S.C. Code 42-1-540.

**FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**
(No Impermissible Motivating Factor)

24.     The Defendant denies any discriminatory motive, but if the Plaintiff establishes a discriminatory motive for any action, then the Defendant asserts that it would have taken the same action absent any impermissible motivating factor.

**FOR A TWENTH-THIRD AFFIRMATIVE DEFENSE**
(No Reasonable Accommodation)

25.     No reasonable accommodation existed for the Plaintiff.

**FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**
(Undue Hardship)

26.     Any expected and/or required accommodation for the Plaintiff would create an undue hardship upon the Defendant.

**FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Business Necessity)

27.     The acts, conduct and/or omissions complained of by the Plaintiff were consistent with the Defendant's business necessity.

**FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(Improper Identification)

28.     The Defendant is improperly identified.

5

**FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(Improper Service/Insufficiency of Service of Process)

29.      Service and service of process upon this Defendant was improper.

**DEMAND FOR JURY TRIAL**

30.      Defendant requests a jury trial as to all genuine issues of material fact, should any exist.


        WHEREFORE, having fully Answered the Plaintiff's Complaint herein, the Defendant prays that this Honorable Court deny the relief requested by the Plaintiff, dismiss this action in its entirety, enter judgment in its favor, award it all reasonable attorney's fees and costs, and grant such other and further relief as this Honorable Court deems proper.


                         WILLCOX, BUYCK, & WILLIAMS, P.A.


                 By:        s/  J. Scott Kozacki
                            J. Scott Kozacki
                            Federal  #5456
                            Email: skozacki@WillcoxLaw.com
                            PO Box 1909
                            Florence, S C 29503-1909
                            (843) 662-3258 - Tel.
                            (843) 662-1342 - Fax
                            Attorneys for the Defendant

March 18, 2026
Florence, South Carolina

6