UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tiffany Blackwell, | ) | Case No. 2:26-CV-00692-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Defendant's Responses to Local** |
| | ) | **Civil Rule 26.03 D.S.C.** |
| Campbo d/b/a Bojangles, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Campbo d/b/a Bojangles ("Defendant and/or "Campbo"), by and through the undersigned legal counsel, provides the following information pursuant to Local Civil Rule 26.03, D.S.C.:

**(A)     A short statement of the facts of the case.**

ANSWER:     As alleged, the Plaintiff was previously employed by Cambo. Plaintiff claims the Defendant unlawfully discriminated and retaliated against her on account an alleged disability, race, and gender.

**(B)     The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

ANSWER:

Tiffany Blackwell
C/O Cooper Klaasmeyer, Esq.

Plaintiff is expected to testify concerning his knowledge of the facts and circumstances alleged in the pleadings.

Michael Haynes
C/O J. Scott Kozacki

Mr. Haynes is expected to testify concerning his knowledge of the facts and circumstances alleged in the pleadings.

Yet unknown Campbo Representative(s)
C/O J. Scott Kozacki

Campbo Representatives are expected to testify concerning their knowledge of the facts and circumstances alleged in the pleadings.

**(C)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

ANSWER:     No experts have been identified to date.

**(D)     A summary of the claims or defenses with statutory and/or case citations supporting same.**

ANSWER:     Defendant asserts the following defenses:

1.     No Legal Basis for an Award of Punitive Damages

At no time were the Defendant's alleged actions, conduct or omissions motivated by evil motive or intent and/or reckless or callous indifference to the Plaintiff. As well, any award of punitive damages against the Defendant is violative of both the United States Constitution and the South Carolina Constitution. Accordingly, any award of punitive damages is not proper in this case.

2.     Statute of Limitations

The claims of the Plaintiff are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

3.     At-Will Employment

Plaintiff was employed by the Defendant as an at-will employee. Consequently, either party could terminate the Plaintiff's employment "at any time, for any reason or for no reason at all" without incurring liability. Prescott v. Farmers Tel. Coop., Inc., 335 S.C. 330, 334, 516 S.E.2d 923, 925 (1999); *see also* Culler v. Blue Ridge Elec. Coop., Inc., 309 S.C. 243, 245, 422 S.E.2d 91, 92 (1992) ("The doctrine in its pure form allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason.").

4.     <u>Failure to Exhaust Administrative Remedies</u>

Plaintiff's claim(s) are barred, since he has failed to exhaust the administrative remedies available to him, including the filing of charge(s) of discrimination with applicable governmental agencies fully encompassing the instant complaints of the Plaintiff. Consequently, Plaintiff's complaints may now exceed the scope of the Plaintiff's original charge(s) of discrimination.

5.     <u>Failure to Mitigate Damages</u>

Plaintiff's claim(s) are barred, since he has failed to mitigate his damages.

6.     <u>Lack of Jurisdiction</u>

This Court lacks personal and/or subject matter jurisdiction in this case.

7.     <u>Proximate Cause</u>

Any injuries alleged by the Plaintiff were not proximately caused by the Defendant.

8.     <u>Legitimate, Non-Discriminatory Reason(s)</u>

The acts, conduct and/or omissions complained of were based on legitimate, non-discriminatory reason(s).

9.     <u>Consistent Treatment</u>

All employees of the Defendant were consistently treated the same, regardless of their religion and/or any complaints about their being treated unlawfully.

10.     <u>Lack of Intentional Discrimination</u>

The Defendant never intentionally discriminated against the Plaintiff for any protected reason whatsoever.

11.     <u>Statutory Cap on Damages</u>

Plaintiff's damages, the existence of which is denied, shall not exceed the statutory caps provided in 42 U.S.C. § 1981a(b)(3).

12.     <u>Reasonable Accommodation</u>

Defendant did not fail to offer and/or decline to provide the Plaintiff with any reasonable accommodation.


13.     <u>Job-Related and Consistent with Business Necessity</u>

The challenged practices of the Defendant were job-related for the position in question and consistent with business necessity.


14.     <u>Conduct Not Directed at a Particular Protected Status</u>

The acts, conduct and/or omissions complained of were not directed at a particular protected status.


15.     <u>Conduct Not Sufficiently Severe or Pervasive</u>

The acts, conduct and/or omissions complained of by the Plaintiff were not sufficiently severe or pervasive enough to be considered unlawful under Title VII of the Civil Rights Act of 1964.


16.     <u>Conduct Not Offensive</u>

The acts, conduct and/or omissions complained of were not objectively and subjectively offensive.


17.     <u>Lack of Employer Knowledge</u>

The Defendant did not know of the acts, conduct and/or omissions complained of, nor should it have known.


18.     <u>Faragher/Ellerth Defense</u>

Plaintiff's claims fail as a matter of law, since (1) the Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior; and (2) the Plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant employer or to avoid harm

otherwise. <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998); <u>Burlington Indus. v. Ellerth</u>, 524 U.S. 742 (1998).

19. <u>Exclusivity of Workers' Compensation Laws</u>

Plaintiff's exclusive and preemptive remedy for any injury he claims arose out of and in the course and scope of his employment is under the South Carolina Workers' Compensation Act, and any such injuries as alleged in the Complaint, if substantiated, would be barred pursuant to S.C. Code 42-1-540.

20. <u>No Impermissible Motivating Factor</u>

The Defendant denies any discriminatory motive, but if the Plaintiff establishes a discriminatory motive for any action, then the Defendant asserts that it would have taken the same action absent any impermissible motivating factor.

21. <u>Waiver, Estoppel, Laches and Unclean Hands</u>

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

22. <u>Business Judgement Rule</u>

Plaintiff's claim(s) are barred by the business judgement rule, since the acts, conduct and/or omissions complained of were done in good faith and not unlawful.

23. <u>Truth</u>

Plaintiff's defamation claims are barred to the extent that any alleged statements were truthful.

24. <u>Not Disabled</u>

Plaintiff was not "disabled" as that term is defined within the Americans with Disabilities Act.

25. <u>Undue Hardship</u>

Any expected and/or required accommodation for the Plaintiff would create an undue hardship upon the Defendant.

26.     <u>Business Necessity</u>

The acts, conduct and/or omissions complained of by the Plaintiff were consistent with the Defendant's business necessity.

27.     <u>Privilege</u>

The defamatory statement(s) alleged by the Plaintiff are subject to absolute and/or qualified privilege.

**(E)     Proposed dates for the following deadlines listed in Local Civil Rule 16.02:**
**(1)     Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**
**(2)     Completion of discovery.**

ANSWER:     As reflected in the Amended Scheduling Order: (1) Plaintiff – June 15, 2026 and Defendant – July 15, 2026 and (2) September 14, 2026.

**(F)     Any special circumstances which would affect the time frames applied in preparing the scheduling order.   See generally Local Civil Rule 16.02(C) (Content of Scheduling Order).**

ANSWER:     None.

**(G)     Any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

ANSWER:     None.

<u>s/ J. Scott Kozacki</u>
J. Scott Kozacki
Fed Id. No. 5456
Email: skozacki@WillcoxLaw.com
PO Box 1909
Florence, SC 29503-1909
(843) 662-3258 Telephone
ATTORNEY FOR DEFENDANT

April 23, 2026
Florence, South Carolina